42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. ROBINSON, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Maricopa County, Defendants-Appellees.
 No. 94-15325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry D. Robinson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Reebok Int'l Ltd. v. Marnatech Enter. Inc., 970 F.2d 552, 554 (9th Cir.1992), and affirm.
 
 
 3
 In his complaint, Robinson alleges that Arizona's mandatory vehicle insurance law, its vehicle registration law and its law imposing sanctions for driving a non-registered vehicle are unconstitutional. As part of the relief requested, Robinson seeks to have all traffic charges against him dismissed.
 
 
 4
 Attached to Robinson's complaint are exhibits showing that Robinson had raised essentially the same issues in his appeal to the Maricopa County Superior Court from a judgment in the Cavecreek Justice Court. The Superior Court affirmed the lower court's judgment and imposed sanctions against him. It found Robinson's constitutional claims "distinctly without merit."
 
 
 5
 The district court found that Robinson's federal action essentially sought a review of the state court judgment and dismissed his complaint for lack of jurisdiction. We find no error in the district court's dismissal.
 
 
 6
 A federal district court, as a court of original jurisdiction, does not have authority to review the final determinations of a state court in judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). This doctrine applies even when the challenge to the state court decision involves alleged deprivations of due process and equal protection. Feldman, 460 U.S. at 484-86. The federal action is an impermissible appeal from the state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court judgment such that the district court could not evaluate the plaintiff's constitutional claims without conducting a review of the state court's determinations. Id. at 486-87.
 
 
 7
 Here, Robinson raises essentially the same claims that he raised in his appeal before the Maricopa Superior Court and seeks relief that has already been denied by that court. Accordingly, because Robinson's claims in the district court are "inextricably intertwined" with the state court judgment, the district court could not evaluate the claims without conducting a review of the state court's determination. Given these circumstances, the district court did not err by dismissing Robinson's claims for lack of jurisdiction. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3